[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13126

_____

D.C. Docket No. 03-00519-CV-FTM-99SPC


DELICE RODRIQUE,

                                                    Plaintiff,

MARTIN SCHAEFER,

                                                    Plaintiff-Appellant,

                        versus

ECKERD CORPORATION OF FLORIDA, INC.,

                                                    Defendant,

ECKERD CORPORATION,

                                                    Defendant-Appellee.


_____

No. 06-13129

_____

D.C. Docket No. 03-00495-CV-FTM-33DNF
2:03cv00495 & 2:03cv00673

LANCE TEBLUM,
et al.,

                                                    Plaintiffs-Appellants,

versus

ECKERD CORPORATION OF FLORIDA, INC.,

Defendant,

ECKERD CORPORATION,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(March 27, 2007)**

Before BARKETT, KRAVITCH and STAHL,[*] Circuit Judges.

PER CURIAM:

Martin Schaefer and Lance Teblum ("Plaintiffs") appeal from (1) a Final Judgment denying the motion for leave to file for partial summary judgment and directing that the case be closed; (2) a February 7, 2006 order on Eckerd's motion for summary judgment; and (3) a May 18, 2006 order denying their motion for relief from judgment.

Plaintiffs, acting individually and on behalf of all others similarly situated, sued Eckerd Corporation of Florida, Inc. and Eckerd Corporation ("Eckerd")

---

[*] Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for misclassification of employees as "exempt" under the Act.[1]  Eckerd removed the case to federal court and, in its answer, raised as an affirmative defense the use of a fluctuating workweek method  ("FWW") of compensation permitted by the Act as an alternative form of compliance.  Eckerd then filed a motion for summary judgment on April 8, 2005.

Plaintiffs filed two separate motions to enlarge the time to respond to Eckerd's motion, several pleadings pertaining to the length of a permissible response, and ultimately, on June 16, 2005, filed their response to Eckerd's summary judgment motion.  They did not file a motion for summary judgment of their own.  Their response simply addressed the FWW.

For summary judgment purposes, the district court consolidated this case with Teblum v. Eckerd Corp, in which another class of employees sought the same relief as Rodrique and Schaefer.  The court first determined that the Department of Labor had indeed provided alternative ways for employers to meet the overtime requirements of the Act, and that the FWW was one such acceptable method.  Accordingly, Plaintiffs were not, in fact, misclassified as "exempt employees," as their complaint alleged.  Plaintiffs did not dispute this, and simply argued that

[1] Eckerd Corporation of Florida, Inc. and plaintiff Delice Rodrique were subsequently dismissed from the case.

3

Eckerd had not met all of the five requirements of the FWW. The court determined that Eckerd's compensation plan met four of the five required elements of a valid FWW method, but that a genuine issue of material fact existed as to Eckerd's computation of non-productive time into overtime compensation. For this reason, the district court denied Eckerd's motion for summary judgment on February 7, 2006.

Two days later, on February 9, 2006, the court held a pre-trial conference. Shortly thereafter, Plaintiffs filed a motion for leave to file an untimely motion for summary judgment and to amend the district court's order denying Eckerd's motion for summary judgment so as to permit a certification for an interlocutory appeal. At some time in the interim, the parties settled the sole issue left unresolved in the court's order denying Eckerd's motion for summary judgment: Eckerd's computation of non-productive time into overtime compensation. On April 25, 2006, the parties filed a joint motion to approve that settlement agreement.

On April 28, 2006, the district court granted the motion, finding that "the settlement fairly and reasonably resolve[d] the disputed issues in this matter" and constituted a reasonable compromise. The court then denied Plaintiffs' motion for leave to file for partial summary judgment, finding that it would be prejudicial to

4

Eckerd to allow such a motion at this late stage of the proceedings. Finally, the court directed the clerk to terminate all pending motions and close the case. On May 4, 2006, Schaefer filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), challenging the closure of the case and attempting to argue the issues raised in their untimely motion for partial summary judgment, which had not been permitted to be filed. The district court denied the motion, and Plaintiffs brought this appeal.

We have reviewed this record and find no reversible error in the trial court's rulings. The procedural history, including the partial settlement of the FWW issue, precludes any relief at this juncture.

**AFFIRMED.**